# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| TIDAESHA TAYLOR, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CV615-026 |
| UNITED STATES OF AMERICA, | ) | CR613-004 |
| | ) | |
| Respondent. | ) | |

## ORDER

When the time period for objections to the Magistrate Judge's Report and Recommendation (R&R) (doc. 163)[1] expired on March 9, 2016 with no word from Tidaesha Taylor, the Court reviewed the record *de novo*, concurred with the Magistrate Judge, and adopted his R&R. Doc. 165. Four days later, on March 14, 2016, the Clerk received Taylor's objection, which she signature-filed on March 8, 2016, one day before the objections period ended. Doc. 167 at 8. She now moves the Court to reconsider its R&R adoption, consider her objection, and decline to adopt thereafter. Doc. 168. Because Taylor in fact timely

---

[1] All citations are to the criminal docket unless otherwise noted, all page numbers are those imprinted by the Court's docketing software.

objected, the Court will consider her arguments. After reviewing them, however, the Court continues to concur with the R&R.

Taylor first objects to the Court's finding that she suffered no prejudice from her attorney, Atilio Balbo's, alleged failure to inform her that she could plead guilty without an agreement with the Government (pleading "straight-up"). The R&R, she says, incorrectly "stressed" her awareness of the plea agreement's appeal and collateral attack waivers and elided the real issue -- "whether Taylor knew she could enter a guilty plea without the ... waiver[s]." *See* doc. 167 at 2.

Not so. The R&R assumed that Balbo performed deficiently (*i.e.*, that Taylor did *not* know she could plead "straight-up"), but found her unable to show that her probable sentence without a plea agreement "would have been less severe than" the one actually imposed.[2] Doc. 163 at 8 (quoting *Lafler v. Cooper*, 132 U.S. 1376, 1385 (2012)).

---

[2] Taylor notes that the Sentencing Guidelines recommend something less than the 218 month sentence the Court said she faced without a plea agreement. Doc. 167 at 3. From there, she concludes that she "was not subject to a 218 year sentence" and thus suffered prejudice from counsel's failure to tell her of the "straight-up" option. *Id.* Once again, not so. The Guidelines are advisory only -- district courts may reject their recommendations. *See United States v. Matute*, 631 F. App'x 676, 680 (11th Cir. 2015) (citing *United States v. Booker*, 543 U.S. 220 (2005)).

Taylor's indictment contained charges with statutorily available penalties totaling 218 years. No matter what the Guidelines suggested, the Court could have sentenced her to that term if she pled guilty without a plea agreement. By contrast,

In the alternative, the Magistrate Judge found that Taylor's collateral attack waiver barred *any* 28 U.S.C. § 2255 claim, not just one premised on "straight-up" plea ineffective assistance. Doc. 163 at 8-9. But that secondary finding, even if erroneous (it was not),[3] does nothing to undermine the R&R's correct conclusion that Taylor suffered no prejudice because the sentence she received pursuant to her plea agreement "almost certainly" fell far short of what she would have fetched absent that consideration. *Id.* at 7.

Taylor also insists that the Eleventh Circuit "did not decide whether her attorney was ineffective for failing to request the government to produce evidence in support of the alleged loss." Doc.

---

under her agreement, the Government dropped several charges and her sentencing exposure fell by half (her Guidelines range sentence fell, too). *See* doc. 117 (plea agreement); doc. 120 (judgment). Any notion that jettisoning the agreement would have resulted in a lower sentence thus borders on pure fantasy.

[3] Taylor's objections include a section titled "Plea Not Knowing or Voluntary" where she appears to argue the invalidity of her appeal and collateral attack waivers. Doc. 167 at 4. But all she does is recite rules of law without any discussion of how they apply to this case. She then concludes that "[t]herefore . . . the court must address the merits of [her] section 2255 . . . claim of ineffective assistance." *Id.* at 5. First, the Court *did* address the merits (and found them woefully lacking). Second, legal conclusions can never stand alone and support a claim for relief. *See Eubank v. United States*, 2016 WL 750344 at * 2 (S.D. Ga. Feb. 25, 2016), *adopted*, 2016 WL 1464578 (S.D. Ga. Apr. 13, 2016) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone).

167 at 5. She thus believes that she can litigate that claim in a § 2255 motion. True, her appeal presented no ineffective assistance of counsel issues (almost no appeal does). But that's beside the point. The appeals court *did* decide that this Court "properly determined the amount of loss." *United States v. Taylor*, 578 F. App'x, 966, 968 (11th Cir. 2014). That necessarily implies that the Government produced sufficient loss evidence, which in turn means that Balbo performed competently in not raising the issue. *See, e.g., Harrison v. United States*, 577 F. App'x 911, 915 (11th Cir. 2014) ("[T]he failure of Harrison's appellate counsel to raise these meritless issues on appeal cannot have constituted ineffective assistance."); *Walker v. United States*, 2012 WL 902797 at * 14 (S.D. Ga. Mar. 5, 2012) ("[N]o evidentiary hearing is required to dismiss ineffective assistance claims grounded in counsel's failure to raise a meritless motion.").

Taylor's final objection -- that Balbo "was ineffective for advising her to plead guilty to aggravated identity theft when she was actually innocent of th[e] offense,"[4] (doc. 167 at 6) -- amounts to nothing more

---

[4] Taylor states that "the government submitted no evidence to support their claim that Taylor was involved in the conspiracy prior to January 2011," which underlay her aggravated identity theft conviction. Doc. 167 at 7. She then concludes that her own plea hearing testimony to the opposite effect -- that she was involved before

4

than a series of conclusions. At best, she regurgitates the same arguments the R&R already disposed of. Because her plea hearing testimony directly contradicts her "newly minted" allegations, the R&R correctly found them "insufficient to mandate an evidentiary hearing," much less sentence vacation. Doc. 163 at 17 (quoting *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)). And because all of her arguments lack merit, the Court **OVERRULES** Taylor's objections and **DENIES** her motion for reconsideration. Doc. 168.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of April, 2016.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```

---

January 2011 and after March 2011 -- should carry no weight because Balbo advised her to say that. *Id.*